UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID L. MCCLOUD, | § | |
|    Plaintiff | § | |
| | § | CIVIL ACTION NO. 4:15-cv-1912 |
| vs. | § | |
| | § | JURY DEMAND |
| ARA, INC., | § | |
|    Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW David L. McCloud, Plaintiff in the above-numbered and styled case, complaining of and against ARA, Inc., Defendant, and for cause of action would respectfully state the following:

## I. INTRODCUTION

1.     This is an action for damages brought by an individual consumer alleging that Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.301 et seq. (hereinafter "TDCA"), and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 et seq. (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and/or the conduct complained of occurred here.

## III. PARTIES

3.     Plaintiff, David McCloud, is an individual residing at 3151 Bonney Briar Drive, Missouri City, Texas 77459.

4.      Defendant, ARA, Inc. (hereinafter ARA), is a foreign corporation engaged in the business of collecting debts in this state with its principal place of business located at 1919 S. Highland Avenue, Suite 225A, Lombard, Illinois 60148. The principal purpose of Defendant ARA is the collection of debts using the mail, and Defendant ARA regularly attempts to collect debts alleged to be due another. ARA may be served through the Texas Secretary of State's office, since it has no registered agent in Texas.

5.      Defendant ARA is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

6.      Defendant ARA is a "debt collector" as defined in Tex. Fin. Code § 392.001(6) and "third-party debt collector" as defined in Tex. Fin. Code § 392.001(7).

## IV. FACTUAL ALLEGATIONS

7.      Some time in late April or May 2015, Plaintiff received a letter dated April 27, 2015 from ARA stating that "ARA Inc. has recently obtained and is the legal owner of your First Card Account."   The collection letter also demands immediate payment, "As of today, you owe **$11,502.81**, which is now due in full." (emphasis in original). The letter, bearing an electronic signature presumably typed by Mark Farmer, invites Plaintiff to "please call **Mark Farmer** at **ext. 3402** ... to discuss acceptable payment arrangements and answer any questions...." (emphasis in original).

8.      The bottom of the collection letter contains a paragraph advising Plaintiff of his right to notify ARA if he disputes the debt and to request validation of the debt.

9.      In response to the collection letter of April 27, 2015 and unfamiliar with the alleged debt at issue, on May 11, 2015 Plaintiff called ARA and asked to be transferred to extension 3402.   Rather than transferring the call to Mark Farmer, the debt collector at ARA that answered Plaintiff's call insisted that he could not transfer the call to Mark Farmer because Mr. Farmer does not accept telephone calls.

10.     The debt collector pressed Plaintiff for his name, and without being allowed to talk to Mark Farmer, Plaintiff grew reluctant to provide anything more than the ARA file number referenced in the collection letter.

11.     In response, the collector with ARA berated and insulted Plaintiff by asking whether Plaintiff spoke English.  After Plaintiff asked for the collector's name, the debt collector disconnected the telephone call without ever allowing Plaintiff to speak with Mark Farmer.

12.     Plaintiff called ARA again on May 14, 2015 with hopes of getting some information regarding the alleged account at issue.

13.     Plaintiff's telephone call was transferred to a debt collector named "Stephanie Yates" who announced she was with the "Litigation Department."

14.     ARA informed Plaintiff it was attempting to collect a debt related to an account with First Card opened in 1990 and closed in 1997.  Ms. Yates informed Plaintiff that ARA was in the process of filing a judgment in Harris County because the balance on the account exceeds $5,000.00 and because restitution had not been made.

15.     Growing anxious and concerned, Plaintiff wanted to consult with his wife and informed ARA he wondered whether the collection matter was a scam or not.

16.     ARA's collector threatened Plaintiff that all of the information in the letter he had received could be verified.  She added that ARA has an affidavit in its possession that allows ARA legal grounds to proceed against him.

17.     The collection efforts of ARA have caused Plaintiff stress and anxiety.  In response to the ARA letter and telephone conversations, Plaintiff sent a request to ARA to validate the debt at issue.

18.     As of the date of filing this Plaintiff's Original Complaint, Plaintiff has not received any response from ARA.

19.     Defendant does not maintain a surety bond with the Texas Secretary of State as required by Tex. Fin. Code § 392.101.

### V. CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT

20.     Plaintiff incorporates paragraphs 1-19 above.

21.     Defendant ARA violated the FDCPA by threatening the Plaintiff with a civil lawsuit or criminal prosecution requiring restitution in violation of 15 U.S.C. § 1692e(4), (5), (7) and (10).

22.     As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

### VI. CLAIM FOR RELIEF UNDER THE TEXAS DEBT COLLECTION ACT AND TEXAS DECEPTIVE TRADE PRACTICES ACT

23.     Plaintiff incorporates paragraphs 1-19 above.

24.     Defendant ARA violated the TDCA by misrepresenting that Plaintiff committed a crime requiring restitution in violation of Tex. Fin. Code § 392.301(a)(2) and (6).

25.     Defendant violated the TDCA by using false and deceptive means in order to induce Plaintiff to make payments on the account in violation of Tex. Fin. Code § 392.304(a)(19).

26.     Defendant violated the TDCA, Tex. Fin. Code § 392.101, which prohibits third-party debt collectors from engaging in debt collection unless it has obtained a surety bond filed with the Texas Secretary of State.

27.     As a result of these violations of the TDCA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

28.     Because violations of the TDCA constitute deceptive trade practices under Tex. Fin. Code § 392.404(a), Defendant has also violated the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 et. seq. Furthermore, because the Defendant acted knowingly and/or intentionally Plaintiff is entitled to additional damages under the DTPA.

### VII. JURY DEMAND

29.     Plaintiff demands a jury trial.

## VIII. PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Tex. Fin. Code § 392.403(a)(2) and Tex. Bus. & Com. Code § 17.50(b)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692(k)(a) and Tex. Fin. Code § 392.403(a)(2);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3) and Tex. Fin. Code § 392.403(b) and Tex. Bus. & Com. Code § 17.50(d), including fees in the event of appeal;

D. Additional damages pursuant to Tex. Bus. & Com. Code § 17.50(b)(1), and

E. Such other and further relief as may be just and proper.

Respectfully submitted,

 /s/ Dana Karni
Dana Karni
KARNI LAW FIRM, P.C.
4635 Southwest Freeway
Suite 645
Houston, Texas 77027
Texas Bar No. 24044379
SDTX Bar No. 592484
Tel:    713-552-0008
Fax:    713-454-7247
DKarni@TexasConsumerDebt.com